**FILED UNDER SEAL**                    **FILED UNDER SEAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PRECISION CUT METALS LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, BUSINESS ENTITIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON EXHIBIT 1,<br><br>Defendants. | Civil Action No. 4:26-cv-00174-RWS |

## FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(1), and to this Court's March 4, 2026 order (Dkt. 18, PageID # 1263), Precision Cut Metals LLC ("Plaintiff") files this First Amended Complaint against the Defendants in the attached Exhibit 1, and alleges as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with a principal place of business at 2738 County Road 716, Buna, Texas 77612.

2. The currently-known Defendants are comprised of individuals, business entities of unknown makeup, or unincorporated associations, each of whom, on information and belief, likely resides or operates in foreign jurisdictions, or redistributes products from the same or similar sources in those locations, including those identified by name or alias on the attached Exhibit 1 (collectively, "Defendants").

1

**FILED UNDER SEAL**                    **FILED UNDER SEAL**

3.      Defendants operate through domain names and interactive commercial webstores (the "Infringing Webstores") hosted on various e-commerce platforms, such as AliExpress, Amazon, eBay, Fruugo, Shopify, Temu, and Walmart (the "Marketplaces").

4.      Defendants offer their products for sale to consumers in the United States, including this District, and, on information and belief, have sold and continued to sell adjustable, fold-up grills to consumers within the United States, including within Texas and Eastern District of Texas, using infringing photographs and video screenshots (the "Infringing Images") that violate Plaintiff's copyrights.

5.      Through their illegal operations on the Infringing Webstores, Defendants are directly and personally utilizing the Infringing Images covered by the Plaintiff's copyright registrations to sell their knockoff products, and on information and belief, are doing so often as partners, co-conspirators, or suppliers.

6.      On information and belief, Defendants are an interrelated group working in concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell knockoff products.

7.      Defendants conceal their identities and the full scope of their infringing operations to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing operations. The true identities of many of these Defendants are presently unknown.

## JURISDICTION & VENUE

8.      This is an action for copyright infringement arising under 17 U.S.C. § 501.

9.      This Court has subject-matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action arising under the laws of the United States and relating to copyrights.

10.     This Court has personal jurisdiction over Defendants because each Defendant has, through one or more fully interactive commercial Internet websites, pursued sales from Texas residents by offering shipping to Texas, *see* Exhibit 2, and, on information and belief, has induced sales by use of the Infringing Images to residents of Texas in violation of Plaintiff's copyright registrations. As such, personal jurisdiction is proper because each of the Defendants is committing infringing acts in Texas and has wrongfully caused Plaintiff substantial injury in the State of Texas.

11.     This Court also has personal jurisdiction over Defendants because Plaintiff's claims arise under federal law; the Defendants are, on information and belief, not subject to jurisdiction in any state's courts of general jurisdiction; and exercise of such jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2).[1] Personal jurisdiction is thus also proper pursuant to Rule 4(k)(2) because each of the Defendants directs its activities at residents of the United States and the State of Texas.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.  Defendants are entities or individuals subject to personal jurisdiction in this District, and Defendants not residing in the United States may be sued in any judicial district.

## PLAINTIFF'S COPYRIGHTS & PLAINTIFF'S PRODUCTS

13.     Plaintiff is the owner of all right, title, and interest in and to U.S. Copyright Registration No. VA0002463264 for the "SLG-1" and "SLG-4" photographs, U.S. Copyright Registration No. VA0002463263 for the "SLG-2" and "SLG-5" photograph, U.S. Copyright Registration No.

---

[1] "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) ("submission through contact with and activity directed at a sovereign may justify specific jurisdiction"). Specific jurisdiction only requires a defendant to have "minimum contacts" with the state, rather than the "continuous and systematic" standard for general jurisdiction—the defendant need only purposefully direct its activities at residents of the forum, and the plaintiff's alleged injury must arise out of or relate to the defendant's contacts with the forum. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 342 (5th Cir. 2014).

**FILED UNDER SEAL**                                        **FILED UNDER SEAL**

PA0002550948 for the "SLG-Video-01" video, U.S. Copyright Registration No. PA0002551059 for the "SLG-Video-02" video, and U.S. Copyright Registration No. PA0002551060 for the "SLG-Video-03" video (collectively, the "Registrations")—attached as Exhibit 3 are copies of these Registrations, and Exhibit 4 is a copy of the deposit materials submitted for the registration applications (these materials in Exhibit 4 being the "Media").

14.     Plaintiff is engaged in the business of designing, creating, distributing, and retailing adjustable, fold-up grills ("Plaintiff's Product") throughout the world, including within the Eastern District of Texas.

15.     Plaintiff has been using the photos and videos subject to the Registrations for years to market Plaintiff's Product in interstate and foreign commerce, including in this District.

16.     Plaintiff has widely used the Media to sell Plaintiff's Product both in the United States and throughout the world via the Internet; and the consuming public associates  Plaintiff's Product with high quality goods.

17.     Plaintiff has sold thousands of units of Plaintiff's Product over the years to consumers around the world, and Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting Plaintiff's Product through use of the Media.

18.     Plaintiff has never assigned or licensed the Registrations or Media to any of the Defendants.

### DEFENDANTS' INFRINGING ACTIVITIES

19.     On information and belief, Defendants have full knowledge of Plaintiff's ownership of the Registrations, including Plaintiff's exclusive right to use and license such intellectual property.

**FILED UNDER SEAL**                                    **FILED UNDER SEAL**

20.     Defendants are using, advertising, distributing, selling, or offering for sale their knockoff products on the Infringing Webstores using the Infringing Images as shown below:



| Plaintiff's Registered Images | Defendants' Infringing Images |
|---|---|

**FILED UNDER SEAL**                                    **FILED UNDER SEAL**



**FILED UNDER SEAL**                                      **FILED UNDER SEAL**

21. On information and belief, Defendants, without authorization or license from Plaintiff, knowingly and willfully advertised, offered for sale, and sold, and continue to willfully advertise, offer for sale, and sell knockoff products, through, *inter alia*, the Internet, using the Infringing Images. Ex. 2.

22. Plaintiff did not approve the use of the Infringing Images, nor did Plaintiff give Defendants permission to use any aspects of the Registrations.

23. Each Infringing Webstore offers shipping within, or importation into, the United States, including Texas, and, on information and belief, each Defendant has used the Infringing Images to sell or offer for sale the knockoff products within the United States, including to consumers in Texas.

24. On information and belief, Defendants will continue to use the Infringing Images to sell their knockoff products on various websites, and Plaintiff will continue to be harmed, unless the Defendants are preliminarily and permanently enjoined.

25. Defendants' reproduction and display of the Infringing Images in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

26. Plaintiff has no adequate remedy at law.

**COUNT ONE**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 501)**

27. Plaintiff realleges the foregoing allegations as if fully set forth here.

28. The photographs and videos subject of the Registrations are copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff is the exclusive owner of the Registrations.

29. Through the Defendants' infringing conduct, including Defendants' willful reproduction of the Infringing images (*See* Ex. 2), Defendants have directly infringed Plaintiff's exclusive rights in the Registrations under the Copyright Act.

**FILED UNDER SEAL**                                    **FILED UNDER SEAL**

30.    On information and belief, the Defendants' infringing conduct was and continues to be willful and with full knowledge of Plaintiff's rights in the Registrations, and has enabled the Defendants to illegally obtain profit.

31.    As a direct and proximate result of the Defendants' infringing conduct, Plaintiff has been harmed and is entitled to recovery of the actual damages suffered by Plaintiff as a result of Defendants' infringement, and any profits of Defendants that are attributable to the Defendants' infringement pursuant to 17 U.S.C. § 504(b).

32.    In the alternative, as a direct and proximate result of the Defendants' infringing conduct, Plaintiff has been harmed and is entitled to recovery of statutory damages against Defendants for Defendants' willful reproduction of the Infringing Images. 17 U.S.C. § 504(c). Plaintiff reserves the right to elect to pursue statutory damages before final judgment is rendered pursuant to 17 U.S.C. § 504(c)(1).

33.    Plaintiff is additionally entitled to recovery of its full costs and reasonable attorney's fees against the Defendants. 17 U.S.C. § 505.

34.    As a direct and proximate result of Defendants' infringing conduct, Plaintiff has sustained and will continue to sustain substantial and irreparable injury, for which there is no adequate remedy at law. Unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to wrongfully infringe on Plaintiff's rights, and Plaintiff will continue to suffer irreparable harm. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

8

**FILED UNDER SEAL**                                    **FILED UNDER SEAL**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and in favor of Plaintiff as follows:

1.      Declaring that each Defendant's reproduction and display of the Infringing Images infringes  Plaintiff's Registrations;

2.      Declaring that each Defendant's conduct was knowing, intentional, and willful;

3.      Permanently enjoining each Defendant and each Defendant's successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, from:

a.      advertising, displaying, distributing, selling, manufacturing, delivering, shipping, using, or enabling others to advertise, display, distribute, manufacture, deliver, ship, sell, or use any copies or derivative works based on Plaintiff's Registrations, other colorable imitations of Plaintiff's Registrations, or products and designs that otherwise infringe on Plaintiff's Registrations;

b.      moving, relocating, or otherwise disposing of any funds currently located in Defendants' online accounts, including, without limitation, from AliExpress, Amazon, eBay, Fruugo, Shopify, Temu, Walmart, Alipay, PayPal, Payoneer, Stripe, WorldFirst, and Western Union;

c.      removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of the Media; and

d.      engaging in any other activity that infringes on Plaintiff's rights in any manner.

4.      Ordering that all Infringing Images in Defendants' reasonable control be deleted or destroyed pursuant to 17 U.S.C. § 503(b);

9

5.      Ordering the Defendants to provide Plaintiff with a full and thorough accounting of all profits derived from the use of the Infringing Images in connection with the sale of products on the Infringing Webstores;

6.      Ordering Defendants to, within ten days after service of judgment with notice of entry thereof upon them, file with the Court and serve on Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with all injunctive relief ordered by this Court;

7.      Awarding Plaintiff all profits received by Defendants from their use of the Infringing Images, together with Plaintiff's actual damages resulting from such use, in an amount to be proven at trial, plus interest, costs, and any other relief the Court deems just and proper pursuant to 17 U.S.C § 504(b);

8.      In the alternative, awarding Plaintiff maximum statutory damages for willful infringement of the Registrations in the amount of $150,000 per Defendant pursuant to 17 U.S.C § 504(c)(2);

9.      Awarding Plaintiff recovery of its full costs and reasonable attorney's fees jointly and severally against the Defendants pursuant to 17 U.S.C. § 505;

10.     That this Court enter an order pursuant to Fed. R. Civ. P. 65(d)(2)(C) that those in privity with Defendants and those with notice of the injunction, including ecommerce platform providers, such as AliExpress, Amazon, eBay, Fruugo, Shopify, Temu, Walmart, etc., and payment processors, such as Alipay, PayPal, Payoneer, Stripe, WorldFirst, Western Union, or other bank accounts or payment processors used by the Defendants (each of the foregoing ecommerce platform providers and payment processors, a "Third Party Provider") shall within three business days of receipt of the corresponding order:

        a.      Take all steps to prevent any Defendant from accessing or withdrawing funds

10

**FILED UNDER SEAL**                                                    **FILED UNDER SEAL**

from any accounts through which the Defendants, in the past, currently, or in the future, engage in the use of the Infringing Images, including, but not limited to, any accounts associated with the Defendants listed on the attached Exhibit 1; and

b.      take all necessary steps to prevent any Defendant from accessing or withdrawing funds from any accounts linked to the Defendants, linked to any email addresses used by the Defendants, or linked to any of the Infringing Webstores.

11.     That this Court grant Plaintiff such other and further relief as it deems to be just and proper.

Dated: March 9, 2026                              Respectfully submitted,

                                                  **Scale LLP**

                                                  By: /s/ Charles A. Wallace
                                                  Charles A. Wallace
                                                  Texas Bar No. 24110501
                                                  James H. Creedon
                                                  Texas Bar No. 24092299
                                                  3723 Greenville Ave., Suite 41010
                                                  Dallas, Texas 75206
                                                  Tel. 415.735.5933
                                                  Fax 415.573.0983
                                                  cwallace@scalefirm.com
                                                  jcreedon@scalefirm.com

                                                  ATTORNEYS FOR PLAINTIFF
                                                  PRECISION CUT METALS LLC