PRECISION CUT METALS LLC,

Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED ON
EXHIBIT 1,

Defendants.

Civil Action No. 4:26-cv-00174-RWS

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Precision Cut Metals LLC ("Plaintiff") filed its first amended complaint on March 9, 2026 (Dkt. 20) against the 316 Defendants listed in Exhibit 1 to the complaint ("Defendants"), seeking relief against Defendants for copyright infringement through their promotion, advertising, marketing, distribution, offering for sale, and sale of products using Plaintiff's copyrighted media ("Infringing Media") via online stores (the "Infringing Webstores") on various e-commerce platforms, such as Alibaba, AliExpress, Amazon, Bonanza, DHGate, eBay, Joybuy, Shopify, and Walmart (the "Marketplaces"). Plaintiff filed its Motion for Alternative Service of Process on February 17, 2026 (Dkt. 8), which the Court granted on March 24, 2026 (Dkt. 35). On April 6 and 10, 2026, Plaintiff served each of the Defendants listed in Exhibit 1 to Plaintiff's Request for Clerk's Entry of Default (the "Defaulting Defendants") via email pursuant to the Court's order. Dkt. 40. None of the Defaulting Defendants filed a responsive pleading, so Plaintiff filed its Request for Clerk's Entry of Default on May 25, 2026. Dkt. 51. The Clerk thereafter entered default against the Defaulting Defendants on May 27, 2026. Dkt. 52.

Given that Plaintiff properly completed service of process on the Defaulting Defendants, such notice being reasonably calculated under all circumstances to apprise the Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections, and given that the Defaulting Defendants failed to answer the Complaint or otherwise plead:

**THIS COURT HEREBY FINDS** that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities toward consumers in the United States, including Texas. Specifically, the Defaulting Defendants reach out to do business with Texas residents by operating one or more commercial, interactive Infringing Webstores through which Texas residents can view the Infringing Media and purchase corresponding products. The Defaulting Defendants use Plaintiff's proprietary display images and photographs on the Infringing Webstores without Plaintiff's permission or consent.

**THIS COURT FURTHER FINDS** that U.S. Copyright Registration Nos. VA0002463264, VA0002463263, PA0002550948, PA0002551059, and PA0002551060 (the "Registrations) for the media used to marked Plaintiff's products ("Media") are valid copyright registrations owned solely by Plaintiff.

**THIS COURT FURTHER FINDS** that the Defaulting Defendants are liable for willful copyright infringement (17 U.S.C. § 501).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment and Permanent Injunction is **GRANTED** in its entirety, that the Defaulting Defendants are deemed in default, and that this Final Judgment is entered against the Defaulting Defendants.

**IT IS FURTHER ORDERED** that:

**1.** Defaulting Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be preliminarily enjoined and restrained from:

    a. advertising, displaying, distributing, selling, manufacturing, delivering, shipping, using, or enabling others to advertise, display, distribute, manufacture, deliver, ship, sell, or use any copies or derivative works based on Plaintiff's Media, other colorable imitations of the Media, or products and photographs that otherwise infringe on Plaintiff's copyright registrations;

    b. moving, relocating, or otherwise disposing of any funds currently located in Defendants' online accounts, including, without limitation, from AliExpress, Amazon, eBay, Fruugo, Shopify, Temu, Walmart, Alipay, PayPal, Payoneer, Stripe, WorldFirst, and Western Union;

    c. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of Plaintiff's Media; and

    d. engaging in any other activity that infringes on Plaintiff's rights in any manner.

**2.** All of Plaintiff's Media in the Defaulting Defendants' reasonable control be deleted or destroyed pursuant to 17 U.S.C. § 503(b).

**3.** Defaulting Defendants, within ten days after service of this Order, file with the Court and serve on Plaintiff a written report under oath setting forth in detail the manner in which the Defaulting Defendants have complied with any and all injunctive relief ordered by this Court.

**4.** Those in privity with Defaulting Defendants and with actual notice of this Order, including ecommerce platform providers, such as AliExpress, Amazon, eBay, Fruugo, Shopify, Temu, Walmart, etc., will within 3 business days of receipt of this Order:

a. Take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts through which the Defaulting Defendants, in the past, currently, or in the future, engage in the sale of products using the Infringing Media, including, but not limited to, any accounts associated with the Defaulting Defendants listed on Exhibit 1 to Plaintiff's Motion for Default Judgment; and

b. take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts linked to the Defaulting Defendants, linked to any email addresses used by the Defaulting Defendants, or linked to any of the Infringing Webstores.

5. Plaintiff is awarded its full costs and attorney's fees against the Defaulting Defendants pursuant to 17 U.S.C. § 505, and shall file with this Court a bill of costs and full accounting of attorneys' fees incurred to-date.

6. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is also awarded statutory damages from each of the Defaulting Defendants in the amount of One Hundred and Fifty Thousand Dollars (U.S.) and No Cents ($150,000.00), for copying, using, displaying, and selling products using the Infringing Media on the Infringing Webstores. As to each Defaulting Defendant, until such Defaulting Defendant has paid in full the award of costs, attorney's fees, and statutory damages against it:

a. AliExpress, Amazon, eBay, Fruugo, Shopify, Temu, and Walmart (collectively the "Platforms") and PayPal, Payoneer, Stripe, WorldFirst, Bill.com, Pingpong, Payeco, Umpay/Union Mobile Pay, Moneygram, Western Union, or other bank accounts or payment processors used by the Defaulting Defendants (collectively the "Payment Processors") will, within 2 business days of receipt of this Order, permanently restrain and enjoin any accounts connected to the Defaulting Defendants and the Defaulting Defendants' Infringing

4

Webstores identified in Exhibit 1 to Plaintiff's Motion for Default Judgment from transferring or disposing of any money or other of the Defaulting Defendants' assets.

b. All monies in Defaulting Defendants' financial accounts as of the date of this Order, including monies held by the Platforms and the Payment Processors, are hereby released to Plaintiff as partial payment of the above-identified damages, and are ordered to release to Plaintiff the amounts from the Defaulting Defendants' Platform or Payment Processor accounts within 10 business days of receipt of this Order.

c. Plaintiff will have the ongoing authority to serve this Order on the Platforms or the Payment Processors in the event that any new accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, the Platforms or the Payment Processors will within 2 business days:

    i. Locate all accounts and funds connected to the Defaulting Defendants, the Defaulting Defendants' Infringing Webstores, including, but not limited to, any accounts connected to the information listed in Exhibit 1 to Plaintiff's Motion for Default Judgment, and any email addresses provided for the Defaulting Defendants by any third parties;

    ii. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of the Defaulting Defendants' assets; and

    iii. Release all monies restrained in the Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within 10 business days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff will have the ongoing authority to serve this Order on any banks, savings and

loan associations, payment processors, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers will within 2 business days:

a. Locate all accounts and funds connected to Defaulting Defendants, the Defaulting Defendants' Infringing Webstores, including, but not limited to, any accounts connected to the information listed in Exhibit 1 to Plaintiff's Motion for Default Judgment, and any email addresses provided for the Defaulting Defendants by any third parties;

b. Restrain and enjoin such accounts or funds from receiving, transferring, or disposing of any money or other of the Defaulting Defendants' assets; and

c. Release all monies restrained in the Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within 10 business days of receipt of this Order.

**8.** In the event that Plaintiff identifies any additional webstores, websites, domain names, or financial accounts owned by the Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to the Defaulting Defendants by email at the email addresses identified in response to discovery in this proceeding, and any email addresses provided for the Defaulting Defendants by any third parties.

**9.** The surety bond Plaintiff paid in this case (Bond No. S-995879, *see* Dkt. 29) is hereby **ORDERED** to be repaid to Plaintiff in full within three business days of service of this order.

**IT IS SO ORDERED.**